IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ALEXANDER MALAVE,           § | |
|     Petitioner,           § | |
| § | |
| v.           § | Civil Action No. 4:08-CV-683-Y |
| § | |
| REBECCA TAMEZ, Warden,           § | |
| FCI-Fort Worth,           § | |
|     Respondent.           § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner Alexander Malave, Reg. 10622-041, is a federal prisoner incarcerated in the Federal Correctional Institution in Fort Worth, Texas (FCI-Fort Worth).

Respondent Rebecca Tamez is Warden of FCI-Fort Worth.

#### C. PROCEDURAL HISTORY

Malave is serving a 108-month term of imprisonment for possession with intent to distribute in excess of 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). He received

a two-point enhancement for having a firearm during commission of the offense in violation of 18 U.S.C. § 922(g)(3). He is presently expected to be released with good conduct time on January 14, 2011. Malave has enrolled in a 500-hour residential drug abuse program sponsored by the Bureau of Prisons (the Bureau) in an effort to obtain early release under 18 U.S.C. § 3621(e)(2)(B). (Petition at 2) He has been informed, however, that he is ineligible for the early release benefit of the drug program because of his two-point weapon enhancement and because he is not housed in a Ninth Circuit institution. The government has filed a response to the petition with supporting documentary exhibits, to which Malave did not timely reply.

D. ISSUES

By way of this petition, Malave seeks to have the Bureau's regulation categorically excluding from early release eligibility prisoners convicted of offenses involving possession, carrying, or use of a firearm declared invalid. (Petition at 2)

E. EXHAUSTION

The government asserts Malave's petition should be dismissed for failing to exhaust his administrative remedies as to his claims or, in the alternative, for failing to state a claim. (Resp't Response at 2-17) Federal prisoners are required to exhaust available administrative remedies through the Bureau before seeking habeas corpus relief under § 2241. *See Rourke v. Thompson*, 11 F.3d 47, 50 (5th Cir. 1993). An administrative remedy procedure for federal prisoners is provided at 28 C.F.R. §§ 542.10-542.19. The purpose of exhaustion is to permit the federal agency being challenged to correct its own error without court intervention. *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991). Exhaustion is not required where the available administrative remedies either are unavailable or inadequate, or where the attempt to exhaust such remedies would be futile. *Fuller*

*v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Where the Bureau has adopted the policy and instructed its staff in the form of a program statement that a particular category of inmates are ineligible for early release, attempts to exhaust the administrative process may be futile. *See Stewart v. Tombone*, No. 3:97-CV-0129-BC, 1998 WL 158657, at *2 (N.D. Tex. Mar. 24, 1998) (not designated for publication). Assuming that to be the case, adherence to the exhaustion requirement would serve no purpose other than delay. Thus, the court will address Malave's claims on the merits.

F.  DISCUSSION

Title 18 U.S.C. § 3621(e)(2)(B) allows the Bureau to reduce the sentence of a prisoner convicted of a nonviolent felony offense by up to one year upon successful completion of a drug abuse treatment program. 18 U.S.C. § 3621(e)(2)(B); *see also* 28 C.F.R. §§ 550.50-550.60; Program Statement 5330.10. The Bureau is afforded considerable discretion to determine which prisoners may participate in the treatment programs and which prisoners are eligible for sentence reductions. *See Lopez v. Davis*, 531 U.S. 230, 231 (2001); *Wottlin v. Fleming*, 136 F.3d 1032, 1035 (5th Cir. 1998); *Venegas v. Henman*, 126 F.3d 760, 762 (5th Cir. 1997). Toward that end, the Bureau published regulations and policies categorically excluding certain prisoners from consideration for early release. 28 C.F.R. § 550.58(a)(1)(vi). In Program Statement 5162.04, the Bureau further delineated offenses under § 922(g) and offenses "with a specific offense characteristic enhancement" that, at the Bureau's discretion, precluded early release eligibility under § 3621(e).

Relying on the Ninth Circuit case in *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008), Malave contends that categorical exclusion of inmates with two-point weapon enhancements from eligibility for early release, notwithstanding the successful completion of a drug treatment program, is arbitrary and capricious because the Bureau has failed to state a valid rationale for such exclusion

3

in compliance with the Administrative Procedures Act (APA). He further contends that the rules and regulations at issue violate federal law mandating the equal treatment of inmates nationwide because they are not being applied uniformly.

Initially, this circuit is not bound by Ninth Circuit case law. Most, if not all, courts outside the Ninth Circuit have rejected *Arrington* as contrary to *Lopez*, wherein the Supreme Court upheld a nearly identical version of § 550.58. *See, e.g., Minotti v. Whitehead,* 584 F.Supp.2d 750, 2008 WL 4791462 (D.Md. Oct.31, 2008); *Neal v. Grondolsky,* No. 08-2477 NLH, 2008 WL 4186901 (D.N.J. Sept.9, 2008); *Gatewood v. Outlaw,* No. 2-08-CV-0054 WRW/BD, 2008 WL 2002650 (E.D.Ark. May 8, 2008). Further, the same or similar claim was recently analyzed in *Cross v. Berkebile*, No. 3:08-CV-1899-L, 2008 WL 5435334 (N.D.Tex. Dec. 31, 2008). The analysis of the issue in *Cross* is persuasive. Thus, for the reasons stated in *Cross*, the categorical exclusion of prisoners convicted of offenses involving firearms does not offend the APA.

Moreover, there is no constitutionally protected right of a convicted person to early release under § 3621(e). *Wottlin*, 136 F.3d at 1036; *Venegas v. H*, 126 F.3d at 765; *Stewart*, No. 3:97-CV-0129-BC, 1998 WL 158657, at *3. Even if Malave met the prerequisites of the statute, the Bureau has the authority, but not the duty, to reduce his term of imprisonment. *Lopez*, 531 U.S. at 241. Malave is ineligible on the basis of his two-point weapon enhancement under Program Statement 5162.04. Disqualifying him based on the nature of his offense and the enhancement for weapon possession is a reasonable exercise of the Bureau's broad discretion, and prison officials' authority, under the statute and the relevant regulations and program statements. The fact that prisoners in the Ninth Circuit are treated differently from prisoners in other circuits with respect to the application of 28 C.F.R. § 550.58 does not entitle Malave to relief. *See Hernandez v. Gilkey,* 242 F.Supp.2d

4

549, 554 (S.D.Ill.2001) (prisoner's equal protection rights were not violated merely because similarly situated prisoners in other circuits were treated differently as a result of circuit split).

## II. RECOMMENDATION

Malave's petition for writ of habeas corpus should be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 7, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until May 7, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings,

conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 16, 2009.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE